**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**RONALD G. ARBAUGH,**              )
                                     )
              **Plaintiff,**          )
                                     )
**v.**                               )          **CIVIL ACTION NO.:  5:04-0297**
                                     )
**JO ANNE B. BARNHART,**             )
**Commissioner of Social Security,**  )
                                     )
              **Defendant.**          )

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security

denying Plaintiff's application for disability insurance benefits (DIB) under Title II of the Social

Security Act, 42 U.S.C. §§ 401-433.  This case is presently pending before the Court on Plaintiff's

Motion for Summary Judgment and Defendant's Motion for Judgment on the Pleadings.  Both

parties have consented in writing to a decision by the United States Magistrate Judge.

The Plaintiff, Ronald G. Arbaugh (hereinafter referred to as "Claimant"), filed an application

for DIB on March 14, 2003 (protective filing date), alleging disability as of July 1, 1968, due to

chronic back pain, bilateral carpal tunnel syndrome, broken left heel and ankle with hardware, right

broken heel, trouble breathing, chronic sinusitis, hearing problems, hypothyroidism, PTSD,

depression, and panic attacks. (Tr. at 56-59, 46, 51.)  The onset date was later amended to December

1, 1975. (Tr. at 28.)  Claimant's date last insured for purposes of DIB was March 31, 1980.[1] (Tr. at

---

[1]    Claimant's insured status for purposes of DIB expired on March 31, 1980. To be
entitled to disability insurance benefits, a claimant must have enough social security earnings to
be insured for disability as described in 20 C.F.R. § 404.130. See 20 C.F.R. § 404.315 (2004).
Claimant's insured status expiration date means that he had to establish disability on or prior to
this date to be entitled to benefits. In this case, Claimant amended his onset date to December 1,

14.)  The claim was denied initially and upon reconsideration.  (Tr. at 46-49, 51-52.)  On August 26,

2003, Claimant requested a hearing before an Administrative Law Judge (ALJ).  (Tr. at 53.)  The

hearing was held on December 4, 2003 before the Honorable Jose R. Davila, Jr.  (Tr. at 24-43.)  By

decision dated January 7, 2004, the ALJ determined that Claimant was not entitled to benefits.  (Tr.

at 10-17.)  The ALJ's decision became the final decision of the Commissioner on February 25, 2004,

when the Appeals Council denied Claimant's request for review.  (Tr. at 5-7.)  On March 26, 2004,

Claimant brought the present action seeking judicial review of the administrative decision pursuant

to 42 U.S.C. § 405(g).

        Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability.

See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the

"inability to engage in any substantial gainful activity by reason of any medically determinable

impairment which can be expected to last for a continuous period of not less than 12 months . . . ."

42 U.S.C. § 423(d)(1)(A).

        The Social Security Regulations establish a "sequential evaluation" for the adjudication of

disability claims.  20 C.F.R. § 404.1520 (2004).  If an individual is found "not disabled" at any step,

further inquiry is unnecessary.  Id. § 404.1520(a).  The first inquiry under the sequence is whether

a claimant is currently engaged in substantial gainful employment.  Id. § 404.1520(b).  If the

claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  Id. §

404.1520(c).  If a severe impairment is present, the third inquiry is whether such impairment meets

or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative

---

1975; therefore, the relevant time period under consideration is from December 1, 1975 through
March 31, 1980.  Claimant does not appear to dispute this finding.

Regulations No. 4.  Id. § 404.1520(d).  If it does, the claimant is found disabled and awarded benefits.  Id.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  20 C.F.R. §§ 404.1520(e).  By satisfying inquiry four, the claimant establishes a prima facie case of disability.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2004).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy.  McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date.  (Tr. at 14.)  Under the second inquiry, the ALJ found that although Claimant was being treated for multiple impairments at the time of the hearing decision, "he failed to establish the existence of any medically determinable impairments from his alleged onset of disability of December 1, 1975, through his date last insured, March 31, 1980." (Tr. at 17, Finding No. 3.)  The ALJ determined that Claimant "does not have any impairment or impairments that significantly limited his ability to perform basic work-related activities for a continuous period of at least twelve months on or before his date last insured; therefore, the claimant does not have a severe impairment." (Tr. at 17, Finding No. 4.)  On this basis, the ALJ determined that Claimant was not under a disability and benefits were denied. (Tr. at 16-

17.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Background

Claimant was born on April 5, 1947, and was 56 years old at the time of the administrative hearing. (Tr. at 28.) Claimant has an eighth grade education. (Tr. at 29.) In the past, he worked as a construction carpenter, truck driver, sheet metal worker, and machine operator. (Tr. at 14, 31.)

The Medical Record

The Court has considered all evidence of record, including the medical evidence and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in assessing Claimant's pain and credibility; and (2) the ALJ failed to properly develop the record.  The Commissioner asserts that the decision is supported by substantial evidence.

1.  Pain and Credibility

Claimant first argues that the ALJ improperly evaluated his subjective complaints of pain and erred in finding Claimant not entirely credible. Claimant takes no issue with the ALJ's finding that he did not suffer from severe impairments during the relevant time period, nor questions the relevant time period, which was from December 1, 1975, to March 31, 1980, the date last insured. Additionally, Claimant offers no specific argument, merely setting forth some of the medical evidence and stating that his impairments had "been present for some time" and that he had functionally limiting impairments.  (Pl.'s Br. at 11-12.)  The Commissioner argues that the ALJ's analysis was in accordance with the applicable law and Regulations and that the decision is supported by substantial evidence.

A two-step process is used to determine whether a claimant is disabled by pain.  First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain alleged.  20 C.F.R. § 404.1529(b) (2004); SSR 96-7p; see also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996).  If such an impairment is established, then the intensity and persistence of the pain and the extent to which it affects a claimant's ability to work must be evaluated.  Id. at 595.  When a claimant proves the existence of a medical condition that could cause pain, "the claimant's subjective complaints [of pain] must be considered by the

Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish his capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. § 404.1529(c)(4) (2004). Additionally, the regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such as pain, which we will consider include:
>
> (I) Your daily activities;
>
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms.
>
> (iii) Precipitating and aggravating factors;
>
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
>
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
>
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and
>
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3) (2004).

SSR 96-7p repeats the two-step regulatory provisions. See SSR 96-7p, 1996 WL 374186 (July 2, 1996). Significantly, SSR 96-7p requires the adjudicator to engage in the credibility

assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c); 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record").  For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain.  Id. at 595.  Nevertheless,  Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision.  The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

As previously noted, Claimant makes no specific arguments regarding pain and credibility. He does not argue that the ALJ failed to make the threshold finding or that the ALJ failed to conduct a proper two-step analysis.  Claimant simply cites to evidence in the record of impairments, most of which are outside of the relevant time period.  Claimant does not argue that the ALJ failed to consider the appropriate factors. Claimant points to no specific portion of the ALJ decision which

he finds to be erroneous or incomplete.

In the instant case, the ALJ clearly noted the two-step process for evaluating a claimant's pain and credibility. (Tr. at 15.)  He listed the requisite factors for consideration of the intensity and persistence of a claimant's pain. (Tr. at 15.)  The ALJ reviewed the scant medical evidence of record and noted that "all of the submitted evidence documents treatment subsequent to Mr. Arbaugh's March 31, 1980, date last insured." (Tr. at 15.)  He noted that Claimant submitted no treatment records from the relevant time period regarding his allegedly disabling conditions. (Tr. at 15.)  Despite concluding that Claimant failed to produce evidence of any medical impairments from the relevant time period, the ALJ proceeded to discuss Claimant's testimony and subjective complaints. (Tr. at 15-16.)

The ALJ summarized Claimant's testimony from the administrative hearing, including his statements regarding his impairments and symptoms, medications, activities, and functional limitations, in accordance with the factors to be considered in assessing credibility. (Tr. at 16.)  After evaluating Claimant's testimony and written statements, the ALJ concluded that Claimant was not fully credible as to the frequency and severity of his symptoms or as to the extent of his functional limitations during the relevant time period. (Tr. at 16.)  The ALJ pointed out inconsistencies in Claimant's testimony, noting that although Claimant alleged that he suffered from weakened grip strength, he stated he was able to lift up to 150 pounds. (Tr. at 16, 40.)  Claimant stated that he used a cane or crutches to ambulate during the relevant time period, but also said that he walked to relieve leg numbness. (Tr. at 16, 35-36.)  He also testified that he could walk 200 to 300 feet and could stand for an hour and a half before needing to sit. (Tr. at 36.)  The ALJ concluded that Claimant did not have impairments or symptoms which were functionally limiting on or before March 31, 1980.

(Tr. at 16.)

Claimant points to evidence submitted which references his conditions during the relevant time period.  In 2001, a physical therapy treatment note indicates that Claimant reportedly began having back pain after being discharged from the military in 1968. (Tr. at 130.)  Claimant reported that he was hospitalized for two weeks in 1974. (Tr. at 130.)  As the Commissioner notes, however, this is based solely upon Claimant's subjective statements – there are no corresponding records. Upon examination in 2001, Claimant had good extension strength, flexion, abduction, and adduction strength in the lower extremities. (Tr. at 130.)  He was able to stand on his toes, walk on his toes, and walk on his heels. (Tr. at 130.)  Similarly, a 2002 physical therapy treatment note discusses Claimant's complaints of back pain and notes Claimant's report that the pain began in 1968. (Tr. at 129.)  Additionally, this treatment note indicates that Claimant had an independent gait with no assistive devices. (Tr. at 129.)  Claimant was advised to begin a home exercise program and no additional therapy was scheduled. (Tr. at 129.) A September 2003 x-ray showed only "very minimal degenerative changes of the lumbar spine." (Tr. at 133.)

A review of the record and the ALJ's decision shows that the decision is supported by substantial evidence.  Although Claimant had no severe impairments, the ALJ nonetheless examined his credibility and discussed his testimony and subjective complaints. (Tr. at 15-16.)  The medical evidence on which Claimant relies is not from the relevant time period and the notations regarding his condition during the relevant time period are based solely upon his subjective statements. Further, the ALJ pointed out inconsistencies in Claimant's testimony which impacted his credibility. Accordingly, the undersigned finds that Claimant's argument is without merit and the ALJ properly considered Claimant's pain and credibility.

9

2. <u>Duty to Develop the Record</u>

Claimant next argues that the ALJ failed to properly develop the record in the instant case. Claimant argues that the ALJ failed to order consultative evaluations that were needed in the instant case. Claimant fails to state whether he needed physical or mental consultative evaluations. He also argues that the ALJ "should have afforded the plaintiff the opportunity to see if he could go back and secure the old records and submit them to him . . . ." (Pl.'s Br. at 13-14.)  The Commissioner asserts that Claimant's argument is without merit.

The Court finds Claimant's argument on this point unavailing. Although an ALJ does have a responsibility to help develop the evidence, it is Claimant's responsibility to prove to the Commissioner that he is disabled.  20 C.F.R. § 404.1512(a) (2004).  Thus, Claimant is responsible for providing medical evidence to the Commissioner showing that he has an impairment.  <u>Id.</u> § 404.1512(c). Although the ALJ has a duty to fully and fairly develop the record, he is not required to act as plaintiff's counsel.  <u>Clark v. Shalala</u>, 28 F.3d 828, 830-31 (8th Cir. 1994). It appears that Claimant has been represented by counsel in this case throughout the proceedings.  Additionally, the ALJ provided Claimant and his attorney ample opportunity to secure relevant medical evidence relating to the period from 1975 to 1980, and they failed to submit such evidence.  On November 13, 2003, prior to the administrative hearing, the ALJ advised Claimant in writing to produce additional evidence before or at the hearing. (Tr. at 18-22.)  No additional evidence was submitted at the hearing. (Tr. at 26.)  Further, although Claimant appealed the ALJ's decision to the Appeals Council, no additional evidence was submitted for review. (Tr. at 5-9.)

Additionally, the Regulations state that the ALJ has discretion in deciding whether to order a consultative examination. 20 C.F.R. §§ 404.1519a, 416.919a (2004).  The Regulations further

provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision. See id.  In the instant case, the Claimant's insured status expired on March 31, 1980, and a consultative examination performed in 2004 would tell the Commissioner nothing about Claimant's condition from 1975 to 1980.  As previously noted, even Claimant's recent medical records did not indicate total disability.  Accordingly, the undersigned finds that the ALJ did not err in failing to order a consultative examination in the instant case and did not fail to properly develop the record.  Claimant's argument therefore fails.

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision is supported by substantial evidence.  Accordingly, for the reasons set forth in this Memorandum Opinion and by Judgment Order entered this day, the Plaintiff's Motion for Summary Judgment is **DENIED**, Defendant's Motion for Judgment on the Pleadings is **GRANTED**, the final decision of the Commissioner is **AFFIRMED** and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Memorandum Opinion to all counsel of record.

ENTER: September 21, 2005.

R. Clarke VanDervort
United States Magistrate Judge

11